IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK JONES<br><br>  Plaintiff,<br><br>v.<br><br>SUSAN HUTSON, SHERIFF, ORLEANS PARISH<br><br>  Defendant. | CIVIL NO. 2:23-cv-5112 |

## COMPLAINT

Plaintiff Mark Jones asserts his causes of action against defendant Susan Hutson, the Sheriff of Orleans Parish, in both her official and individual capacities, as follows:

### THE PARTIES

1. Plaintiff is Mark Jones. He is 39 years old. He is a Louisiana citizen and resides in New Orleans.

2. Defendant is Susan Hutson, the Sheriff of Orleans Parish, in both her official and individual capacities. Hutson is a Louisiana citizen and resides in New Orleans.

### JURISDICTION AND VENUE

3. The Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983, and 42 U.S.C. § 1981 through Section 1983.

4. The Court has personal jurisdiction over Hutson because she is a Louisiana citizen and was present in Louisiana at the time this lawsuit was filed.

1

5. Venue for Jones's claims is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Hutson resides in this this judicial district (specifically, Orleans Parish).

6. Alternatively, venue for Jones's claims is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of Hutson's unlawful acts giving rise to this lawsuit, as well as Jones's resulting injuries and damages, occurred within this judicial district (specifically, Orleans Parish).

## FACTS

7. Former Orleans Parish Sheriff Charles Foti hired Mark Jones as an employee and deputy sheriff in 2002.

8. Throughout his entire employment Jones was objectively qualified for his job. Jones performed his duties with excellence and was promoted to the rank of Captain.

9. Susan Hutson was elected the Orleans Parish Sheriff in 2021. She assumed office on July 1, 2022.

10. In her capacity as Sheriff, Hutson is the final decision-maker, appointing authority, and policymaker for the Office of the Orleans Parish Sheriff.

11. At the time Hutson assumed office, Jones was assigned as a "Unit Manager" of the Orleans Justice Center.

12. Jones continued to perform his duties with excellence.

13. Hutson utilized a progressive disciplinary policy for her employees.

14. Jones has not received formal discipline in the past 18 years of his employment.

15. Jones has never given any cause for his termination.

16.     On September 7, 2022, Hutson, through her Chief of Staff Jon Williams, instructed Assistant Sheriff Pearlina Thomas to terminate Jones's employment.

17.     On September 7, 2022, Thomas met with Jones at work and told him he was terminated. Thomas told Jones she did not know the reason why. Thomas did not inform Jones he had the right to appeal his termination or for a name-clearing hearing.

18.     Hutson had adopted a disciplinary policy or custom that afforded Jones the right to a disciplinary board hearing prior to termination. Hutson violated her own policy or custom and fired Jones without prior notice or the opportunity to be heard by herself or her disciplinary board. Neither Hutson nor her staff ever told Jones he had access to any special name-clearing procedures before or after his termination.

19.     After his termination, and without any reason or cause, Hutson ordered Jones to be escorted from the building by security.

20.     Later, also on September 7, 2022, Hutson issued a press release to public news media concerning the termination of several OPSO employees, including Jones. Hutson also posted the press release to her official OPSO website. A copy of the press release is attached as **Exhibit A** and incorporated into this complaint. The press release is still posted and accessible at the OPSO website today.[1]

21.     In her press release, Hutson said Jones was terminated "for cause." Hutson suggested Jones was terminated because he was untrained, incompetent, and unsafe.

---

[1] The press release may be accessed at:
https://www.opso.us/index.php?option=com_content&view=article&id=761:sheriff-susan-hutson-announces-departure-of-part-time-head-of-training-division-4-unit-managers&catid=146:media-releases&Itemid=885 (last accessed September 6, 2023).

Both statements are false and defamatory. Jones was not terminated for any cause. Jones is well-trained in his position, competent, and safe.

22. After Hutson defamed Jones, neither she nor her staff ever told Jones he had any access to any special name-clearing procedures after his termination. If Hutson had done so, Jones would have demanded a name-clearing hearing.

23. Nevertheless, even if Jones had demanded a name-clearing hearing, Hutson would have refused his request because she intentionally and maliciously sought to defame him. In support of this allegation, plaintiff further alleges:

- A few days after Hutson fired Jones and several of his colleagues, she met with one of her senior-most advisors about the firings. The advisor told Hutson she should provide Jones and his colleagues a hearing and opportunity to clear their names. Hutson said she would not do so.

24. Hutson knew her defamatory statements were false. Hutson defamed Jones in the public media to cover up the real reason she fired Jones. Hutson fired Jones because she is biased against men, generally, and against Black men, specifically. Jones is a Black man. In turn, Hutson favors women over men, and White men over Black men. Hutson fired Jones because he is a Black man. Hutson would not have fired Jones if he were a woman. Hutson would not have fired Jones if he were a White man. In support of this allegation, plaintiff further alleges:

- Jones was qualified for his job as Captain and Unit Manager.
- Jones is a Black man.
- Hutson says she fired Jones for "cause" and suggested he was untrained,

incompetent, and unsafe, but these allegations are false. In truth, Hutson had no cause whatsoever for firing Jones. At least two of Hutson's senior-most advisors have confirmed Hutson had no cause to fire Jones and did not fire him for any suspected cause.

- Regarding race, Hutson replaced Jones with a White man, Lt. Anthony Fricano. Jones and Fricano are similarly situated for purposes of the comparator analysis. Jones was better qualified than Lt. Fricano for the position of Unit Manager.

- Regarding sex, Hutson frequently told at least one of her senior advisors that she was going to "promote these women" who currently served at the Orleans Justice Center, suggesting that she intended to replace the Black men who currently held leadership positions with women because of their sex.

- On the same day she fired Jones, Hutson fired two other Black men who served as Captains and Unit Managers at OJC: Jerry Martin and Danny Henry. Martin and Henry were also qualified for their positions. Plaintiff alleges Hutson likewise fired Martin and Henry because they were Black men. Hutson replaced Martin with a woman, Cpt. Trenica Steele. Hutson replaced Henry with a woman, Maj. Djuana Bierra. Plaintiff alleges Martin, Henry, and their replacements are similarly situated for purposes of the comparator analysis. Plaintiff alleges Martin and Henry gave no cause for their termination or replacement. Plaintiff alleges Hutson demonstrated a pattern of terminating qualified Black men without cause and replacing them with women and White

5

men because of race and sex-based bias.

- Hutson frequently told her advisors she "distrusted" many of her employees who held leadership positions within the OJC. But Hutson only directed those comments to employees at OJC who were Black men, and never towards her employees at OJC who were women or White men. Hutson never provided any reason for her distrust. Plaintiff alleges Hutson distrusted her Black, male employees because of her race and sex-based bias.

25. Hutson's defamatory statements about Jones stigmatized him in both the general community and the Louisiana law enforcement community, and this stigma combined with the denial of any name-clearing hearing caused other law enforcement employers to reject Jones's applications for employment.

26. In the Louisiana law enforcement community, law enforcement officers who, like Jones, are allegedly terminated "for cause" are often blackballed from future Sheriff and or police work.

27. Jones applied for a job as a deputy sheriff with the St. Tammany Parish Sheriff's Office. Jones was rejected for the job because of Hutson's defamatory statements and denial of a name-clearing hearing. St. Tammany Sheriff Randy Smith would have hired Jones but-for the fact Hutson falsely told news media Jones was terminated for cause, suggested he was untrained, incompetent, and unsafe, and denied him a name-clearing hearing.

28. Jones applied for a job as a deputy sheriff with the Jefferson Parish Sheriff's Office. Almost a year has passed and JPSO has never responded to Jones's

application. Jefferson Parish Sheriff Joseph Lopinto would have hired Jones but-for the fact Hutson falsely told news media Jones was terminated for cause, suggested he was untrained, incompetent, and unsafe, and denied him a name-clearing hearing.

29. Jones was finally able to find re-employment with the St. John the Baptist Sheriff's Office. But Sheriff Michael Tregre specifically questioned Jones about his alleged termination for cause. Jones truthfully told Sheriff Tregre that he had not done anything wrong. Tregre decided to hire Jones in an entry-level position with the SJTB Sheriff's Office.

30. Jones's ability to advance in rank or find employment with other law enforcement agencies continues to be limited or foreclosed because of Hutson's defamation and refusal to provide him with a name-clearing hearing.

## CAUSES OF ACTION

**Count 1:    Due Process Violation under the Fourteenth Amendment against Sheriff Hutson in Her Official Capacity**

31. Mark Jones states a cause of action for deprivation of his liberty interest without due process under the Fourteenth Amendment of the United States Constitution, through 42 U.S.C. § 1983, against Sheriff Hutson in her official capacity based on the following adverse employment actions:

(a) Hutson's termination of Jones's employment on September 7, 2022;

(b) Hutson's intentional and malicious publication to news media, on September 7, 2022, of the false and defamatory charges against Jones that he was terminated for cause and because he was untrained, incompetent, and unsafe.

(c) Hutson's disregard of her own disciplinary procedures and refusal to inform Jones he had access to a special name-clearing procedure; and,

(d) Huston's refusal to provide Jones with any name-clearing hearing even if he had known to demand one.

32. A public employee is entitled to a name-clearing hearing when the "employee is discharged in a manner that creates a false and defamatory impression about him and thus stigmatizes him and forecloses him from other employment opportunities." *White v. Thomas*, 660 F.2d 680, 684 (5th Cir. 1981).

33. 42 U.S.C. § 1983 is the proper vehicle to assert violations of rights guaranteed under the Fourteenth Amendment against a "person" acting under color of state law. *See Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 119–20 (1992) (so holding). To establish a claim for violation of federal rights through Section 1983, a plaintiff must show "(1) a deprivation of a right secured by federal law, (2) that occurred under color of state law, and (3) was caused by a state actor." *Givs v. City of Eunice*, 512 F.Supp.2d 522, 542 (W.D. La. 2007), *aff'd* 268 Fed. Appx. 305 (5th Cir. 2008). A municipal employer, like a Louisiana sheriff, is subject to liability under Section 1983 upon proof of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) *citing Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978).

34. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

35. Hutson knowingly and maliciously fired Jones for false and defamatory reasons; Hutson publicized those false charges to public news media; Hutson disregarded her own disciplinary procedures and refused to provide Jones with a hearing before terminating him; Hutson failed to inform Jones he had access to a name-clearing hearing; Hutson would have refused to grant Jones a hearing even if he had asked; and Hutson's defamation combined with the denial of a name-clearing hearing did stigmatize Jones's ability to find re-employment and continues to stigmatize him today.

36. Accordingly, Hutson, in her official capacity as Jones's employer, owes Jones all damages arising from her defamation and the denial of a name-clearing hearing, including his lost wages, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.  In addition to all other damages and relief, Hutson, in her official capacity, owes Jones a public name-clearing hearing.

**Count 2:   Due Process Violation under the Fourteenth Amendment against Sheriff Hutson in Her Individual Capacity**

37. Mark Jones states a cause of action for deprivation of his liberty interest without due process under the Fourteenth Amendment of the United States Constitution, through 42 U.S.C. § 1983, against Sheriff Hutson in her individual capacity based on the following adverse employment actions:

   (a)   Hutson's termination of Jones's employment on September 7, 2022;

   (b)   Hutson's intentional and malicious publication to news media, on September 7, 2022, of the false and defamatory charges against Jones

    that he was terminated for cause and because he was untrained, incompetent, and unsafe.

  (c) Hutson's disregard of her own disciplinary procedures and refusal to inform Jones he had access to a special name-clearing procedure; and,

  (d) Huston's refusal to provide Jones with any name-clearing hearing even if he had known to demand one.

38. Although a public employee's liberty-interest claim under the Fourteenth amendment ordinarily lies against the public employer, *Sims v. City of Madisonville*, 894 F.3d 632, 642-43 (5th Cir. 2018), an employee may recover punitive damages against the individual decision-maker who defamed him and denied him a name-clearing hearing upon proof the individual acted "maliciously." *In re Selcraig*, 705 F.2d 789, 797 (5th Cir. 1983) (so holding).

39. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

40. Hutson was the chief policymaker and decision-maker for all employment decisions regarding her subordinate employees. Hutson falsely told news media she terminated Jones for "cause" and suggested he was untrained, incompetent, and unsafe. Hutson knew the charges were false but publicized them anyway. Hutson violated her own disciplinary policy and refused to give Jones a hearing before his termination. Hutson failed to tell Jones he had access to any name-clearing procedures after she defamed him. Hutson would have denied him a hearing even if he had asked because she purposefully defamed him to cover up her real reasons for

terminating him, her bias against him because of his race and sex.

41. Hutson took these adverse actions against Jones maliciously and with reckless disregard for his Constitutionally protected rights.

42. Accordingly, Hutson, in her individual capacity, owes Jones all damages arising from her defamation and the denial of a name-clearing hearing, including punitive damages, Jones's lost wages, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.

**Count 3:    Disparate-treatment Discrimination Because of Race under 42 U.S.C. § 1981 against Sheriff Hutson in Her Official Capacity**

43. Mark Jones states a cause of action for disparate-treatment discrimination because of his race under 42 U.S.C. § 1981, through 42 U.S.C. § 1983, against Sheriff Hutson in her official capacity based on the following adverse employment actions:

    (a) Hutson's termination of Jones's employment because of his race on September 7, 2022.

44. 42 U.S.C. § 1981 forbids terminating a person's employment because of his race. *See LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 (5th Cir. 1996). A "claim for damages against a state actor for violation of rights contained in § 1981 must be redressed pursuant to the explicit remedial provisions of § 1983." *Felton v. Polles*, 315 F.3d 470, 482 (5th Cir. 2002). A municipal employer, like a Louisiana sheriff, is subject to liability under Section 1983 upon proof of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) *citing Monell v. Dep't.*

*of Social Services*, 436 U.S. 658, 694 (1978).

45. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

46. Susan Hutson is the final policymaker and decision-maker for all employment and termination decisions affecting her subordinate employees. Hutson fired Jones. She fired him because he is Black. Hutson would not have fired Jones if he were White. Jones was qualified for his job. Hutson had no cause to terminate him. Hutson replaced Jones with a less qualified White comparator. Plaintiff alleges Hutson fired other Black men from their jobs at OJC because of their race. Hutson's policymaking and decision-making in this regard was the moving force of Jones's illegal termination.

47. Accordingly, Hutson, in her official capacity as Jones's employer, owes Jones all damages arising from his illegal termination, including his lost back wages, lost future wages or reinstatement, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.

**Count 4:  Disparate-treatment Discrimination Because of Race under 42 U.S.C. § 1981 against Sheriff Hutson in Her Individual Capacity**

48. Mark Jones states a cause of action for disparate-treatment discrimination because of his race under 42 U.S.C. § 1981, through 42 U.S.C. § 1983, against Sheriff Hutson in her individual capacity based on the following adverse employment actions:

(a) Hutson's termination of Jones's employment because of his race on September 7, 2022.

49. A public employer's decision-maker is liable for a violation of Section 1981 through Section 1983 upon proof she intentionally discriminated against the public-employee plaintiff. *Johnson v. Chapel Hill Indep. Sch. Dist.*, 853 F.2d 375, 381 (5th Cir. 1988). An individual defendant is liable for punitive damages upon proof she acted maliciously. *In re Selcraig*, 705 F.2d 789, 797 (5th Cir. 1983) (so holding).

50. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

51. Sheriff Hutson terminated Jones. She did so because of his race. She acted maliciously and with reckless disregard to Jones's federally protected rights. Accordingly, Hutson, in her individual capacity, owes Jones all damages arising from his illegal termination, including punitive damages, Jones's lost back wages, lost future wages or reinstatement, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.

**Count 5: Disparate-treatment Discrimination Because of Sex under the Fourteenth Amendment against Sheriff Hutson in Her Official Capacity**

52. Mark Jones states a cause of action for disparate-treatment discrimination because of his sex under the Fourteenth Amendment of the United States Constitution, through 42 U.S.C. § 1983, against Sheriff Hutson in her official capacity based on the following adverse employment actions:

    (a)    Hutson's termination of Jones's employment because of his sex on September 7, 2022.

53. "Sex discrimination . . . in public employment violate[s] the Equal Protection Clause of the Fourteenth Amendment." *Southard v. Texas Bd. of Criminal Justice*, 114 F.3d 539, 550 (5th Cir. 1997). A cause of action for deprivation of Fourteenth Amendment rights by a state actor must be brought pursuant to Section 1983. *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 382 (5th Cir. 1980). A municipal employer, like a Louisiana sheriff, is subject to liability under Section 1983 upon proof of "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) *citing Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978).

54. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

55. Susan Hutson is the final policymaker and decision-maker for all employment and termination decisions affecting her subordinate employees. Hutson fired Jones. She fired him because he is a man. Hutson would not have fired Jones if he were a woman. Jones was qualified for his job. Hutson had no cause to terminate him. Hutson frequently told her close advisors she intended to promote women to leadership positions in the OJC, suggesting she was doing so because of their sex, which necessarily meant replacing the current Black men who, like Jones, occupied those leadership positions. Although Hutson did not replace Jones with a woman, she terminated two other similarly situated Black men who were also Captains and

Unit Managers at the OJC, Jerry Martin and Danny Henry, without apparent cause, and Hutson did replace them with women or reassign their duties to women. Hutson's policymaking and decision-making in this regard was the moving force of Jones's illegal termination.

56. Accordingly, Hutson, in her official capacity as Jones's employer, owes Jones all damages arising from his illegal termination, including his lost back wages, lost future wages or reinstatement, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.

**Count 6: Disparate-treatment Discrimination Because of Sex under the Fourteenth Amendment against Sheriff Hutson in Her Individual Capacity**

57. Mark Jones states a cause of action for disparate-treatment discrimination because of his sex under the Fourteenth Amendment, through 42 U.S.C. § 1983, against Sheriff Hutson in her individual capacity based on the following adverse employment actions:

(a) Hutson's termination of Jones's employment because of his sex on September 7, 2022.

58. A public employer's decision-maker is liable for a violation of the Fourteenth Amendment through Section 1983 upon proof she intentionally discriminated against the public-employee plaintiff. An individual defendant is liable for punitive damages upon proof she acted maliciously. *In re Selcraig*, 705 F.2d 789, 797 (5th Cir. 1983) (so holding).

59. Plaintiff reincorporates here all the factual and legal allegations of his complaint.

60. Sheriff Hutson terminated Jones. She did so because of his sex. She acted maliciously and with reckless disregard to Jones's federally protected rights. Accordingly, Hutson, in her individual capacity, owes Jones all damages arising from his illegal termination, including punitive damages, Jones's lost back wages, lost future wages or reinstatement, general damages, economic damages, attorney's fees, litigation costs, judicial interest, and all other legal and equitable relief to which he is entitled.

## JURY DEMAND

Mark Jones requests a trial by jury on all issues and causes of action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Mark Jones prays that this complaint be deemed good and sufficient; that it and summons be served upon defendant Susan Hutson; and, after due proceedings are had, that judgment be entered in favor of plaintiff and against defendant:

1. Entering declaratory judgment in favor of Jones and against Hutson in both her official and individual capacities, declaring that the practices complained of in this complaint are unlawful under federal law, and Hutson did willfully, maliciously, or recklessly as the case may be violate the rights of Jones as alleged and proven.

2. Under the Fourteenth Amendment (liberty interest) through 42 U.S.C. § 1983, awarding Jones all damages and equitable relief due against Hutson in both her official and individual capacities, including but not limited to Jones's lost wages, general damages, economic damages, punitive damages (solely against Hutson in

her individual capacity), reasonable attorney's fees and costs, judicial interest, and compensation for any negative tax consequences because of a favorable judgment. In addition to these damages, Jones is entitled to injunctive relief ordering Hutson, in her official capacity, to provide Jones with a name-clearing hearing.

3. Under 42 U.S.C. § 1981 through 42 U.S.C. § 1983, awarding Jones all damages and equitable relief due against Hutson in both her official and individual capacities, including but not limited to Jones's lost back wages, lost front wages or reinstatement, general damages, economic damages, punitive damages (solely against Hutson in her individual capacity), reasonable attorney's fees and costs, judicial interest, and compensation for any negative tax consequences because of a favorable judgment.

4. Under the Fourteenth Amendment (sex discrimination) through 42 U.S.C. § 1983, awarding Jones all damages and equitable relief due against Hutson in both her official and individual capacities, including but not limited to Jones's lost back wages, lost front wages or reinstatement, general damages, economic damages, punitive damages (solely against Hutson in her individual capacity), reasonable attorney's fees and costs, judicial interest, and compensation for any negative tax consequences because of a favorable judgment.

5. Awarding Jones all other legal or equitable relief to which he is entitled against Hutson in both her official and individual capacities.

Respectfully submitted:

/s/ Kevin S. Vogeltanz
Kevin S. Vogeltanz, TA (Bar #32746)
The Law Office of Kevin S. Vogeltanz, LLC
823 Carroll Street, Suite A / Mandeville, LA 70448
Telephone: (504) 275-5149
Facsimile: (504) 910-1704
Email: vogeltanz@gmail.com

*Attorney for Mark Jones*

**CLERK: Please hold waiver pending waiver of service of summons**





Wednesday, Sep 06, 2023    🔒 EMPLOYEE LOGIN    Text Size ⊖ ⊕

Home | About | Department | Visitation | Inmate Information | Docket Master | Civil Division | Community | Media | Contact Us

# Sheriff Susan Hutson announces departure of part-time head of training division; 4 unit managers

| Print |



**FOR IMMEDIATE RELEASE**

### Sheriff Susan Hutson announces departure of part-time head of training division; 4 unit managers

NEW ORLEANS – September 7, 2022 - Sheriff Susan Hutson today announced that Major Robert Donnelly is stepping down as director of the OPSO Training Division, a post he held on a part-time basis for the past two years. Major Donnelly has a combined total of 36 years of service at the Sheriff's Office.

No replacement for Major Donnelly has been named, but Sheriff Huston said she is seeking a full-time director for the training division.

In addition to Major Donnelly, Sheriff Hutson is terminating employment for four unit managers for cause. Two of the unit managers, Capt. Jerry Martin and Capt. Mark Jones, worked at the Orleans Justice Center. A third unit manager, Capt. Cathy Taylor, work at the Temporary Mental Health Unit, and a fourth unit manager; Capt. Danny Henry, was assigned to the Intake and Processing Center.

Sheriff Hutson said, "We are making a strategic realignment of certain positions to ensure that we have well-trained correctional officers who also have an opportunity to advance their careers here at the Sheriff's Office."

###

About | Docket Master | Inmate Query | Civil Division                         Back to Top

**Protecting and Serving the Parish of Orleans**

Copyright © 2022 Orleans Parish Sheriff's Office | Sheriff Susan Hutson. All Rights Reserved. Developed by Orleans Parish Sheriff's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK JONES<br><br>    Plaintiff,<br><br>v.<br><br>SUSAN HUTSON, SHERIFF, ORLEANS PARISH<br><br>    Defendant. | CIVIL NO. |

## **DECLARATION OF MARK JONES**

I, Mark Jones, am 39 years old, and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following facts and true and correct to the best of my knowledge and recollection:

1. I am the named plaintiff in the lawsuit *Mark Jones v. Susan Hutson, Sheriff, Orleans Parish*, soon to be filed in the United States District Court for the Eastern District of Louisiana.

2. After reviewing the entire document, I authorized and instructed my attorney, Kevin S. Vogeltanz, to file the original Complaint in this matter and to assert all of the causes of action included therein.

3. I verify that, at the time of its filing, each of the factual allegations of the Complaint was true and correct to the best of my knowledge and recollection.

Executed by me on 9/6/2023

DocuSigned by:

*/s/ Mark Jones*
0A525EF1FA25480...
Mark Jones