UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK JONES                                          CIVIL ACTION

VERSUS                                              NO. 23-5112

SUSAN HUTSON                                        SECTION "R" (4)


## ORDER AND REASONS

Before the Court is defendant Susan Hutson's motion to dismiss.[1] Plaintiff opposes the motion.[2]  For the reasons set forth below, the Court grants the motion.


## I.    BACKGROUND

This action arises from the allegedly unlawful termination of plaintiff's employment as a Unit Manager of the Orleans Justice Center, a correctional facility under the control of the Orleans Parish Sheriff's Office.[3]  Plaintiff alleges that Hutson, Orleans Parish Sheriff, used a progressive disciplinary policy for her employees, and that plaintiff had not received any formal

---

[1]    R. Doc. 6.
[2]    R. Doc. 11.
[3]    R. Doc. 1.

discipline in the eighteen years before he was fired in September 2022.[4]
Plaintiff further alleges that when his employment was terminated on
September 7, 2022, he was not given a reason for the termination, and he
was not informed that he had the right to appeal his termination or request
a name-clearing hearing.[5]  Plaintiff alleges that a press release issued on the
date of his termination stated that he was fired for cause because he was
"untrained, incompetent, and unsafe."[6]  Plaintiff contends that he was fired
because he is Black and because he is a man, and that, in fact, Hutson had no
cause to fire him.[7]  In support of this contention, plaintiff alleges that he was
replaced with a white man, though plaintiff was better qualified than his
replacement, and two other Black men were fired and replaced with women
on the date of plaintiff's termination.[8]  Plaintiff alleges that Hutson made
comments that she would "promote these women," referring to women
employed at the Orleans Justice Center, and that she frequently told her
advisers that she distrusted many of her employees in leadership positions
at the Orleans Justice Center, but only directed these sentiments to Black

---

[4]      *Id.* ¶¶ 13-14.
[5]      *Id.* ¶¶ 16-17.
[6]      *Id.* ¶ 21.
[7]      *Id.* ¶¶ 21, 24.
[8]      *Id.* ¶ 24.

men.[9]  Plaintiff alleges that as a result of the press release announcing his termination for cause, he was rejected from jobs with the St. Tammany Parish and Jefferson Parish Sheriff's Offices.[10]

Plaintiff brings causes of action against Hutson in her individual and official capacities for violation of his right to due process under the Fourteenth Amendment, actionable under 42 U.S.C. § 1983; race discrimination in violation of 42 U.S.C. § 1981, actionable under Section 1983; and gender discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, actionable under Section 1983.[11] Hutson now moves to dismiss plaintiff's due process and gender discrimination claims for failure to state a claim upon which relief can be granted.[12]

The Court considers the motion below.

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft*

---

[9]      *Id.*
[10]     *Id.* ¶¶ 27-30.
[11]     *Id.* ¶¶ 31-60.
[12]     R. Doc. 6.

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff.  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009).  But the Court is not bound to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments.  *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).  The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims.  *Id.*  Additionally, the Court may "consider matters of which [it] may take judicial notice."  *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).

## III.   DISCUSSION

### A.   Due Process Claim

Hutson contends that plaintiff's due process claims fail as a matter of law because plaintiff's pleading indicates that he never requested a name-clearing hearing.[13]  Plaintiff contends that he did not ask for such a hearing because Hutson improperly failed to inform him of the availability of the procedure.[14]

A government employee establishes a violation of the Due Process Clause of the Fourteenth Amendment by showing that the "government employer discharge[d] the individual under circumstances that will do special harm to the individual's reputation and fail[ed] to give that individual an opportunity to clear his name." *Cunningham v. Castloo*, 983 F.3d 185, 191 (5th Cir. 2020) (quoting *Rosenstein v. City of Dallas*, 876 F.2d 392, 395 (5th Cir. 1989)).  To prevail on a Section 1983 due process claim alleging deprivation of liberty without notice or the opportunity for a name-clearing hearing, a plaintiff must show (1) he was discharged, (2) stigmatizing charges were made against him in connection with the discharge, (3) the charges were false, (4) he was not provided notice or an opportunity to be

---

13      R. Doc. 6-1 at 2-5.
14      R. Doc. 11 at 4-7.

heard prior to the discharge, (5) the charges were made public, (6) he requested a hearing to clear his name, and (7) the employer denied the request. *Bellard v. Gautreaux*, 675 F.3d 454, 462 (5th Cir. 2012) (citing *Bledsoe v. City of Horn Lake*, 449 F.3d 650, 653 (5th Cir. 2006)).

Most circuits that have considered the question have concluded that a plaintiff must request some kind of name-clearing hearing, regardless of whether an employer informs him of his right to request one. *See, e.g.*, *Quinn v. Shirey*, 293 F.3d 315, 324 (6th Cir. 2002) ("[A] plaintiff who fails to allege that he has requested a hearing and was denied the same has no cause of action, whether or not he had been informed of a right to a hearing before filing suit."); *Wojcik v. Mass. State Lottery Comm'n*, 300 F.3d 92, 103 (1st Cir. 2002) ("[T]he government must have failed to comply with the employee's request for an adequate name-clearing opportunity."); *Winskowski v. City of Stephen*, 442 F.3d 1107, 1111 (8th Cir. 2006) (holding that "an employee who fails to request post-termination process cannot later sue for having been deprived of it," even when his employer does not offer him one). While the Fifth Circuit has not directly addressed the question, its precedent suggests that it would agree with these decisions. First, the seven-factor test explicitly requires a plaintiff to show that he requested an opportunity to clear his name and does not condition this requirement on

any action by the employer. Second, in *Bledsoe v. City of Horn Lake, Mississippi*, the Fifth Circuit affirmed the district court's dismissal of plaintiff's due process claim for wrongful termination at summary judgment because of the plaintiff's "undisputed failure to request a [name-clearing] hearing." 449. F.3d at 654. While the plaintiff argued that his employer breached his obligation to notify him of his right to such a hearing, the Fifth Circuit was "not persuaded by this argument." *Id.* The Court concluded that "even assuming the City had such a duty," the City's written personnel policies permitted an appeal of any disciplinary action, and those policies would have been sufficient to put the plaintiff on notice of his right to contest the termination. *Id.* The Court did not hold that there was a duty to inform a terminated employee of his or her right to a hearing.

Defendant contends that *In re Selcraig*, 705 F.2d 789, 796 (5th Cir. 1983), and *Rosenstein v. City of Dallas*, 876 F.2d 392, 396-97 (5th Cir. 1989), impose a duty on public employers to notify employees of their right to a hearing upon termination. But, as indicated by the Fifth Circuit's comments in *Bledsoe*, neither of these cases imposed any such duty. In *Rosenstein*, the Fifth Circuit read *Selcraig* to impose upon employers a duty to "make known to the stigmatized employee that he may have an opportunity to clear his name upon request" when the employer "elect[s] to implement a special

procedure" for clearing a terminated employee's name distinct from its "established appeals procedure" for challenging a termination for cause. *Rosenstein*, 876 F.2d at 396 (quoting *Selcraig*, 705 F.2d at 796).  The Court concluded that, if a terminated employee can show that his request to appeal a discharge decision was denied, that employee can establish that his request for a name-clearing hearing was denied by showing that the employer did not inform him of the availability of an alternate name-clearing procedure. *Id.*  Here, the allegations in plaintiff's complaint reflect that he did not request a name-clearing hearing, and plaintiff does not allege that he requested and was denied the opportunity to appeal his termination through a standard appeals procedure.  Based on the foregoing authorities, the Court finds that plaintiff's due process claim fails as a matter of law because his complaint reflects that he did not request a name-clearing hearing, and, thus, the claim must be dismissed.  *See Macklin v. City of New Orleans*, 300 F.3d 552, 553 (5th Cir. 2002) ("[T]he requirement that [a name-clearing] hearing be requested by the claimant is well-established in Fifth Circuit law.").

### B.    Gender Discrimination Claim

Hutson contends that plaintiff's gender discrimination claim must be dismissed because (1) plaintiff's use of Section 1983 as the procedural vehicle

for his claim is an improper attempt to circumvent exhaustion requirements under Title VII, and (2) plaintiff cannot show that others who were similarly situated but outside of the protected class were treated more favorably.[15]

As to the exhaustion requirement, Section 1983 provides a cause of action for gender discrimination independent of Title VII. *Southard v. Tex. Bd. of Crim. Just.*, 114 F.3d 539, 550 (5th Cir. 1997). While the Fifth Circuit has not directly addressed the issue, most circuits that have considered it have concluded that a plaintiff may file a gender discrimination action against a non-federal defendant under Section 1983 without fulfilling the exhaustion requirements associated with Title VII. *See Trigg v. Fort Wayne Cmty. Sch.*, 766 F.2d 299, 302 (7th Cir. 1985) ("A plaintiff may sue her state government employer for violations of the Fourteenth Amendment through § 1983 and escape Title VII's comprehensive remedial [and procedural] scheme."); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 864 F.2d 680, 683 (10th Cir. 1988) ("[A] section 1983 plaintiff need not comply with the exhaustion requirements of Title VII."); *Henley v. Brown*, 686 F.3d 634, 642-43 (8th Cir. 2012) ("[A]n employment discrimination plaintiff asserting a violation of a constitutional right may bring suit under section 1983 alone, without having to plead concurrently a violation of Title VII and comply with

---

[15]     R. Doc. 6 at 5-10.

the Act's procedural requirements."). Accordingly, the Court finds that, because plaintiff pleaded claims for violations of the Equal Protection Clause through Section 1983, he was not required to exhaust administrative remedies before suit.

On the merits, a plaintiff need not establish a prima facie case of gender discrimination to survive a motion to dismiss under Rule 12(b)(6). He is required to plead only the ultimate elements of the claim: (1) that he faced an adverse employment action, and (2) that this adverse employment action was taken because of plaintiff's protected status. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019). Nevertheless, a plaintiff "[must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). In particular, when a claim depends on circumstantial evidence, "a plaintiff must allege facts sufficient to support a finding 'that he was treated less favorably than others outside of his protected class.'" *Olivarez v. T-mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017)).

Here, plaintiff sufficiently alleges that he was subject to an adverse employment action when he was terminated. In attempting to show that he

was "treated less favorably than others outside of his protected class," *Alkhawaldeh*, 851 F.3d at 427, plaintiff alleges only that Hutson fired two other Black men and replaced them with women, that she told her advisers that she distrusted certain employees who held leadership positions but directed these comments only towards Black men, and stated that she intended to promote certain women who served at the Orleans Justice Center.[16]  Plaintiff's complaint acknowledges that he was replaced with a man.[17]  Plaintiff's complaint does not include any allegations that Hutson made derogatory comments about men in general or point to any other circumstantial evidence of bias against men.  The comments that plaintiff points to were directed towards individuals, and do not evince any general bias against men. *Cf. Cicalese*, 924 F.3d at 768 (holding that plaintiff adequately alleged a disparate treatment claim when he alleged that defendant made derogatory comments about the protected class generally).  Although plaintiff alleges that two other men were terminated and replaced with women, plaintiff himself was replaced with a man, making it implausible that he was terminated on the basis of his gender.  *See Keplar v. Google, LLC*, No. 22-2281, 2023 WL 7360891, at *4 (N.D. Tex. Nov. 7, 2023)

---

[16]    R. Doc. 1 ¶ 24.

[17]    *Id.*

(granting motion to dismiss gender discrimination claim and noting "allegations that other employees were replaced by women do not, by themselves, make it plausible that [plaintiff] was fired because he was a man."). Taken together, plaintiff's allegations are insufficient to "permit a reasonable inference that [Hutson] terminated [plaintiff] because of gender identity." *Olivarez*, 997 F.3d at 600. Accordingly, the Court finds that plaintiff has failed to state a claim for gender discrimination under Section 1983, and the claim must be dismissed.

### C.    Official Capacity Claims

Plaintiff pleads his due process and gender discrimination claims against Sheriff Hutson in both her individual and official capacities. A suit against a government official in her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690 n.55 (1978). To state a claim for municipal liability, a plaintiff must allege (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation caused by that policy or custom. *Robinson v. Hunt Cty., Tex.*, 921 F.3d 440, 447 (5th Cir. 2019) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir.

2002)).  Because plaintiff has failed to state a claim for constitutional violations with respect to his due process and gender discrimination claims, plaintiff's official capacity claims against Sheriff Hutson must be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (noting that, to state a claim for municipal liability, a plaintiff must establish the elements of personal liability in addition to the existence of a policy or custom that caused the constitutional violation).

### D.    Opportunity to Amend

Hutson contends that plaintiff's due process and gender discrimination claims should be dismissed with prejudice, and that plaintiff should not be given leave to amend his complaint before dismissal.[18]   A plaintiff must "'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).  Plaintiff has not requested leave to amend the complaint. Accordingly, plaintiff's due process and gender discrimination claims must be dismissed without leave to amend.  *See Cinel v. Connick*, 15 F.3d 1338,

---

[18]     R. Doc. 6-1 at 2.

1346 (5th Cir. 1994) (affirming dismissal with prejudice under Rule 12(b)(6) when plaintiff failed to request leave to amend).

## IV.   CONCLUSION

For the foregoing reasons, Hutson's motion to dismiss is GRANTED. Plaintiff's due process and sex discrimination claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __22nd__ day of May, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

14